IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JOHN J. SCHNEIDER, et al. | : | |
| | : | |
| Plaintiffs, | : | CIVIL ACTION |
| | : | |
| v. | : | NO. 06-2321 |
| | : | |
| CRAIG A. HURTT, et al. | : | |
| | : | |
| Defendants. | : | |

**MEMORANDUM AND ORDER**

L. FELIPE RESTREPO  OCTOBER 10, 2008
UNITED STATES MAGISTRATE JUDGE

Before the Court is Plaintiff's[1] Motion to Reconsider Judge Golden's prior order dated April 4, 2007 which granted the Defendants' Motion *in limine* to preclude the admission of evidence concerning Plaintiff's future medical expenses (Doc. No. 28). See Pl.'s Mot. (Doc. No. 59). For the reasons which follow, Plaintiff's Motion is denied.

I. FACTS AND PROCEDURAL HISTORY

This lawsuit, arising out of an automobile accident, was filed on June 2, 2006. See Compl. (Doc. No. 1). Plaintiff's Motion for Reconsideration and the Exhibits attached thereto establish that Plaintiff received a letter on August 25, 2006 that his automobile insurance carrier was no longer going to cover his medical expenses as the medical expenses were deemed unnecessary after the insurance carrier received a physician's evaluation of Plaintiff. See Pl.'s Mot. Ex. 1.

On March 21, 2007, Defendants filed a Motion *in limine* to exclude evidence of future

---

[1] Plaintiff's wife is also named as a Plaintiff in this action, but this Motion does not involve her loss of consortium claim. See Compl. ¶ 16 (Doc. No. 1).

damages at trial under 75 Pa. C.S.A. § 1722 on the basis that Plaintiff still had enough coverage under his automobile insurance policy to cover the approximately $74,000 in future recommended medical treatments.  See Def.'s Mot. ¶¶ 4-7.  Judge Golden granted the Defendants' Motion on April 4, 2007.  See Order dated 4/4/07 (Doc. No. 28).

Plaintiff received notice of an "ongoing lien" on August 9, 2007.  See Pl.'s Mot. ¶¶ 3, 6.  Plaintiff alleges that counsel was notified as to the precise amount of the lien on May 19, 2008.  Id. ¶ 6.  Plaintiff then received a copy of the health insurance contract indicating that the lien was an ERISA subrogation lien on September 3, 2008.[2]  Pl.'s Mot. ¶ 7.  Plaintiff filed this Motion to Reconsider on September 22, 2008.

Plaintiff's motion points out that the amount of the ERISA subrogation lien is $8,608.  Id. ¶¶ 2, 7.  He additionally argues that $74,000 in future medical expenses should also be admissible because his automobile insurance carrier has stopped paying for his medical bills.  Id. ¶ 5.  Defendants assert, and Plaintiff has not disputed, that Plaintiff "has approximately one hundred and fifty thousand dollars ($150,000) in coverage remaining on his auto policy . . . ."  See Def.'s Resp. ¶ 8.

## II. Discussion

"The purpose of a motion for reconsideration is to correct manifest errors of law or fact or to present newly discovered evidence."  Doe v. Allentown Sch. Dist., 2008 U.S. Dist. LEXIS 74513, at *4-5 (E.D. Pa. Sept. 26, 2008) (quoting Harsco Corp. v. Zlotnicki, 779 F.2d 906, 909

---

[2] Plaintiff's health insurance is a self-funded plan under the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. § 1001, et. seq.  Pl.'s Mot. ¶¶ 5, 7, Ex. 6.

(3d Cir. 1985), cert. denied, 476 U.S. 1171 (1986)).  In order to prevail, the moving party must "show[] at least one of the following grounds: (1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court granted the [original] motion . . . ; (3) the need to correct a clear error of law or fact or to prevent manifest injustice." Doe, 2008 U.S. Dist. LEXIS 74513, at *5 (quoting Max's Seafood Café v. Quinteros, 176 F.3d 669, 677 (3d Cir. 1999)); see Quinteros, 176 F.3d at 677 (citing North River Ins. Co. v. CIGNA Reinsurance Co., 52 F.3d 1194, 1218 (3d Cir. 1995)).  "Federal district courts should grant such motions sparingly because of their strong interest in finality of judgment."  Slagan v. John Whitman & Assoc., Inc., 1997 U.S. Dist. LEXIS 14910, at *1-2 (E.D. Pa. September 26, 1997) (quoting Continental Casualty Co. v. Diversified Indus., Inc., 884 F. Supp. 937, 943 (E.D. Pa. 1995)).  The moving party is not permitted to "submit evidence in support of a reconsideration motion that was available prior to the court's judgment."  Peterson v. Brennan, 2004 U.S. Dist. LEXIS 11860, at *17 (E.D. Pa. June 15, 2004) (citing Smith v. City of Chester, 155 F.R.D. 95, 97 (E.D. Pa. 1994)).  Furthermore, it is not appropriate for the movant to "request that the court rethink a decision it has already made."  Peterson, 2004 U.S. Dist. LEXIS 11860, at *17 (citing Glendon Energy Co. v. Borough of Glendon, 836 F. Supp. 1109, 1122 (E.D. Pa. 1993)).

In this case, Plaintiff does not advance any arguments that there has been a change in the controlling law, nor does he allege there has been a factual or legal error or that the Motion for Reconsideration must be granted to avoid manifest injustice.  See Pl.'s Mot.  Rather, he argues that "[t]here is now an ERISA subrogated lien for those payments which he wishes to introduce into evidence."  Id. ¶ 1.  "[C]ourts will amend a prior judgment for newly discovered evidence only where the evidence submitted 'was not available when the court [decided] the motion.'"

3

Porter v. Nationscredit Consumer Disc. Co., 2006 U.S. Dist. LEXIS 41947, at *9 (E.D. Pa. June 22, 2006) (quoting Quinteros, 176 F.3d at 677).

Plaintiff's records indicate that he began accumulating medical bills on his self-funded ERISA health insurance plan as early as September 5, 2006.  See Pl.'s Mot. Ex. 5.  As noted earlier Plaintiff received a letter dated August 25, 2006 that his automobile insurance carrier was no longer going to cover his medical expenses as the medical expenses were deemed unnecessary in light of the insurance carrier's physician's evaluation of the Plaintiff.  Id. Ex. 6.  Because Plaintiff had ample notice that his health insurance was covering his medical costs, any inquiry into what damages could possibly be recovered in this litigation should have been conducted before the Motion *in limine* was decided.  See  Porter, 2006 U.S. Dist. LEXIS 41947, at *9 (noting that movants failed to allege witnesses and documents were unavailable before the prior order was entered and that movants "should have . . . performed the investigation they made for their motion for reconsideration before filing the underlying motion for summary judgment."). While Plaintiff was not the party that filed the underlying motion, he has offered no proof to indicate that evidence of the ERISA subrogation lien was unavailable before Judge Golden issued the previous order.  For this reason, Plaintiff cannot contend that there is "newly discovered" evidence and this Court will not disturb Judge Golden's previous ruling.

Plaintiff cannot now, approximately one month before trial, file a Motion for Reconsideration attempting to introduce new damages claims at the eleventh hour.  See Brown v. Brown, 2008 WL 650021, at *7 (E.D. Pa. Mar. 10, 2008) (quoting Carr v. Gillis Assoc. Indus., 227 Fed. Appx. 172, 176 (3d Cir. 2007)) ("District Courts have broad discretion to disallow the addition of new theories of liability at the eleventh hour.").

Even if the Court were to accept that Plaintiff's ERISA subrogation lien was "newly discovered" evidence, Plaintiff's Motion for Reconsideration fails on its merits. Pursuant to 75 Pa. C.S. § 1722, a plaintiff in a case involving a motor vehicle accident may not recover damages from the tortfeasor that can be recovered from his own insurance. See 75 Pa. C.S. § 1722. It is true that ERISA preempts § 1722 and allows recovery from tortfeasors when the plaintiff's insurance is a self-funded "ERISA plan." Travitz v. Northeast Dept. ILGWU Health and Welfare Fund, 13 F.3d 704, 710-11 (3d Cir. 1994), cert. denied, 511 U.S. 1143 (1994). However, this does not mean that Plaintiff automatically has permission to introduce evidence of his damages by way of a Motion for Reconsideration.

In its August 25, 2006 letter, Plaintiff's automobile insurance carrier notified him that they would no longer be covering his medical bills because a physician determined that he no longer needed pain management treatment as a result of his injuries from the accident. Pl.'s Mot. Ex. 1. Plaintiff has offered no proof that his continued medical treatment was in fact necessary as a result of his injuries from the accident. Therefore, any dispute Plaintiff has over his automobile insurance carrier ceasing payment of his medical bills would be properly resolved between Plaintiff and his automobile insurance carrier rather than in a claim for damages against Defendants.

Likewise, future damages for surgery in the amount of approximately $74,000 are not recoverable. As Judge Golden stated in his previous order:

> A plaintiff is precluded from recovering damages from a tortfeasor that he may also recover from his insurance carrier. 75 Pa. Cons. Stat. Ann. § 1722. In this matter, plaintiff has at least $150,000 of coverage remaining on his automobile insurance policy, and submits evidence of future medical expenses in an amount of approximately

>$75,000. The Pennsylvania Supreme Court has held that a plaintiff is only entitled to compensation for expenses he actually incurs. See Moorhead v. Crozer Chester Med. Ctr., 765 A.2d 786, 790 (Pa. 2001) [(abrogated on other grounds by Northbrook Life Ins. Co. v. Commonwealth of Pa., 949 A.2d 333, 337 (Pa. 2008))]. Allowing plaintiff to introduce evidence of future medical expenses where plaintiff has been unable to prove defendants' liability for such expenses risks "misleading the jury" and prejudicing the defendants. Fed. R. Evid. 403.

See Judge Golden's Order dated 4/4/07 (Doc. No. 28). No facts have been presented to the Court which would indicate a change in circumstances since Judge Golden ruled on the previous Motion. Additionally, Plaintiff has offered no facts that would indicate that his surgery would not be covered by his remaining automobile insurance coverage. See Def.'s Resp. ¶ 5. As such, a claim against Defendants for $74,000 in future damages for surgery is completely speculative and is not admissible at trial.

Plaintiff has failed to demonstrate that any of the requisite grounds for granting a Motion for Reconsideration have been met. Even if Plaintiff's evidence could be considered "newly discovered," it would not warrant granting Plaintiff's Motion. Therefore, the Court will not disturb Judge Golden's prior order, and Plaintiff's Motion for Reconsideration is denied. An appropriate order follows.

7